## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**       :

 **v.**                          :          **CRIMINAL NO. 3:17-41**

**FRANCESCO LEGGIO,**            :             **(JUDGE MANNION)**

**Defendant**                   :


### MEMORANDUM

Before the court is the counseled motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the defendant Francesco Leggio based upon alleged ineffective assistance of counsel claims. Leggio claims that his trial counsel was ineffective for failing to file pre-trial motions and failing to file a direct appeal. He also asserts alleged errors by the court for enhancing his sentence due to its finding that he was a career offender, for failing to have his sentence run concurrent to his state parole revocation sentence, and for failing to grant his request for a variance. (Doc. 94). The government has filed a motion to dismiss defendant's §2255 motion as untimely. (Doc. 96). For the reasons set forth below, the government's motion will be **GRANTED** and, defendant's §2255 motion will be **DISMISSED AS UNTIMELY** without the need for an evidentiary hearing.

## I.    BACKGROUND

On February 15, 2018, Leggio entered a plea of guilty, pursuant to a plea agreement, (Doc. 52), to Counts 1 and 3 of the Indictment, namely, Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §841(a)(1), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §922(g)(1). The plea agreement also stated that with respect to the firearm charge in Count 3, the offense carries as mandatory minimum prison term of 15 years since Leggio qualifies as an Armed Career Criminal ("ACC") under and §924(e). (Doc. 52 at 2-3). The plea agreement contained an appeal waiver clause in which Leggio knowingly waived the right to appeal his conviction and sentence, if the court did not exceed a sentence of 144 months' imprisonment, and the waiver included "any and all possible grounds for appeal, constitutional or non-constitutional. (Id. at 24). In return for this waiver, the government agreed to dismiss Counts 2 and 4 of the Indictment.

The court directed that a Presentence Report ("PSR") be prepared by the United States Probation Office. The Probation Office found that Leggio was a career offender pursuant to U.S.S.G. §4B1.1. Leggio's total guideline offense level was a 31, with his acceptance of responsibility, and his criminal

history category was VI. His advisory guidelines range was 188 to 235 months' imprisonment. The PSR also indicated that no factors were identified under 18 U.S.C. §3553(a) that would warrant a variance and a sentence outside the advisory guidelines system. (Doc. 65 at 18).

On August 25, 2018, the Pennsylvania Board of Probation and Parole imposed a sentence of 15 months' imprisonment against Leggio for violating the terms of his parole due to his federal charges.

On June 13, 2019, this court found that Leggio was a career offender under U.S.S.G. §4B1.1, and sentenced him to 120 months' imprisonment on both Counts 1 and 3, to run concurrent with each other, but consecutive to his 15 month prison term imposed by the Pennsylvania Parole Board. (Doc. 86).

Leggio did not file a direct appeal in conformance with his appeal waiver in his plea agreement. Instead, on January 30, 2021, Leggio filed the present motion to vacate under 28 U.S.C. §2255. (Doc. 94). On February 2, 2021, the government filed a motion to dismiss Leggio's §2255 motion as untimely and a brief in support. (Docs. 96 & 97). Subsequently, Leggio filed his brief in opposition and the government filed its reply. (Docs. 98 & 99).

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional

magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at \*2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

## III.    DISCUSSION

The government argues that Leggio's §2255 motion was untimely filed since he filed it over 19 months after his judgment became final, and since he fails to show how his motion can be considered timely under §2255(f).

A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. *See* United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Here, Leggio is challenging his 120-month prison sentence. Thus, he is pursuing his proper avenue of relief *via* a §2255 motion filed in this court since he was convicted and sentenced here. *See* §2255 ¶5 (the motion must be filed in "the court which sentenced him"). However, §2255 contains a statute of limitations which the government contends has expired in Leggio's case.

Specifically, in order for a §2255 motion to be effective, it must be timely filed within the restrictions set forth in §2255(f). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, imposes a one-year statute of limitations which is triggered by the latest of four events: (1) "the date on which the judgment becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f).

As noted above, the one-year limitations period generally begins to run on "the date on which the judgment of conviction becomes final." *See id.* §2255(f)(1). In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, Leggio's judgment of conviction was entered on June 13, 2019, (Doc. 86), and he had fourteen days to file a notice of appeal. *See* Fed.R.App.P.4(b)(1)(A)(i). Leggio did not appeal and, therefore, his judgment of conviction became final on June 27,

2019. Accordingly, Leggio had until June 27, 2020, to file a timely Section 2255 motion.

The government states that Leggio could have timely raised all of instant claims by June 27, 2020. In particular, the government states that "Leggio raises no impediment to making a motion created by the government, nor relies on any right newly recognized by the Supreme Court, nor alleges any new facts that could not have been discovered earlier." (Doc. 97 at 2-3). As such, it contends that under §2255(f)(1), Leggio's motion was due June 27, 2020, and since it was filed out of time, it should be dismissed.

Leggio recognizes in his motion, and in his brief, that the motion was filed over one year after his judgment became final but contends, without support, that the COVID-19 pandemic caused his motion to be untimely since it prevented him from accessing lawyers and the court. (Doc. 94, ¶18).

> However, as the government, (Doc. 97 at 3-4), points out, Leggio was sentenced on June 13, 2019, at a time when COVID-19 did not exist. The pandemic did not affect the Middle District of Pennsylvania District Courts in any way until March 2020. And even then, as the Court is well aware, inmates from prisons all over the country were able to access the Courts to file compassionate release motions and other filings through prison legal mail systems in both state and federal correctional facilities. Even if the pandemic had somehow hindered Leggio's efforts to find counsel between March and June 2020, he had already had nine months after sentencing to do so.

The court finds no merit to Leggio's assertion that his instant motion could not be timely filed due to the COVID-19 pandemic. Nor can Leggio's

untimely motion be excused under §2255(f)(2), since the COVID-19 pandemic is clearly not an "impediment to making a motion created by government action."

In his motion, Leggio also attempts to explain his untimeliness by attributing it to the lack of counsel coupled with his limited knowledge of his "rights and grounds to attack [his] sentencing." However, these are not recognized ground for filing a §2255 motion beyond the one-year statute of limitations. Further, as the government explains, "there is no right to counsel in a Section 2255 habeas proceeding", *see* U.S. v. Boynes, 2020 WL 6636811, *1 (D. N.J. Nov. 12, 2020) ("Defendant possesses neither a constitutional nor a statutory right to the appointment of counsel in habeas proceedings") (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)), and there is no "indication on the docket that Leggio ever requested counsel after sentencing or complained to the Court about a lack of appeal." (Id. at 4).

Leggio also attempts to explain his untimeliness by alleging that "[he is] making a constitutional claim for the first time by way of his §2255 motion [since] it was not made earlier on direct appeal because his lawyers were ineffective." However, this does not constitute an acceptable basis under §2255(f)(3) since he could have discovered, "through the exercise of due diligence", the facts supporting his ineffective assistance of counsel claims well before 1½ years passed after his sentence became final.

- 8 -

Leggio also alleges, without support, that there was a change in the New Jersey drug charge that was used as one of his predicate offenses to enhance his sentence as a career offender and this should entitle him to a reduction in sentence as a non-career offender.

In its reply, (Doc. 99 at 1), the government addresses this contention and states:

> [Leggio's] brief does not specify what this alleged change of [New Jersey] law was, nor how it would affect his sentence, nor when this change of law came about. In any event, a change in New Jersey law does not constitute a basis for filing a Section 2255 motion late. It does not qualify as any of the triggering events under Section 2255(f) and does not change the fact that Leggio's petition was filed seven months out of time.

Leggio's unsubstantiated assertion, made through counsel, is not sufficient to meet his burden to show why his motion was filed out of time.

In any event, in addition to Leggio's July 2012 New Jersey drug conviction, he had four prior drug convictions in Luzerne County Court, PA, which also showed that he was a career offender. (*See* PSR, Doc. 65 at 9-10). As such, Leggio's §2255 motion is untimely.

Finally, the court will consider whether Leggio is entitled to equitable tolling. A movant can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 637, 649 (2010) (internal quotation marks omitted). "Equitable tolling is available when the prisoner 'diligently pursues his claims and

- 9 -

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Dickerson v. U.S., 435 F.Supp.3d 1256, 1260 (D. N.M. 2020) (citing Lawrence v. Florida, 549 U.S. at 336); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004) ("the presence of extraordinary circumstances 'is not enough'-a petitioner 'must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely.'"). The Third Circuit has limited equitable tolling of Section 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The movant bears the burden of establishing that he is entitled to benefit from equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Leggio has not met his burden of establishing that he is entitled to equitable tolling. In particular, Leggio has failed to show that the COVID-19 pandemic qualifies to show that in some extraordinary way he was prevented from asserting his rights. The pandemic did not exist at the time of Leggio's sentencing and, he fails to show how the pandemic in any way thwarted him from timely filing his motion over the next nine months until March 2020, when it became a concern in this country. Also, the court takes

judicial notice that even after the pandemic presented in this country, incarcerated defendants have been able to file motions with this court without hinderance. In short, Leggio has not shown how he was prevented access to the courts during the pandemic. Also, Leggio's suggestion that his claim of denial of access to the courts should be considered based on factors such as "race, income level, education, gender, and immigration status", (Doc. 98 at 5), is patently without merit, since, as the government states, he is "a white, male, American citizen who had a steady job at one of the successful restaurants his parents own." (Doc. 99 at 2). (*See* PSR, Doc. 65 at 14, Leggio was employed as a chef at Leggio's Italian Restorante, Plains, PA, earning over $3000 per month).

Accordingly, the court does not find any basis to apply equitable tolling to render Leggio's motion as timely filed.

## IV.  EVIDENTIARY HEARING

In his brief, Leggio requests an evidentiary hearing and for the court to consider his claims on their merits. The government contends that Leggio's motion should be denied without a hearing since it is clearly out of time. The court agrees with the government.

A court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively

that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). Here, as set forth above, the record, motion, and files of this case affirmatively indicate that Leggio's motion is untimely. Therefore, the court finds that Leggio is not entitled to an evidentiary hearing in this matter.

## V.     CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Thus, a defendant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court concludes that jurists of reason would not find the procedural disposition of Leggio's motion, based on its untimeliness, debatable. Accordingly, the court will not issue a COA.

- 12 -

## VI.   CONCLUSION

For the reasons set forth above, the court will **GRANT** the government's motion to dismiss, **(Doc. 96)**, and it will **DISMISS AS UNTIMELY** Leggio's motion to vacate, **(Doc. 94)**. The court will not conduct an evidentiary hearing and a COA will not issue.

An appropriate order will follow.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 22, 2021**
17-41-01

- 13 -